UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DELAINA A. MALCOLM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:06-CV-373 |
| | ) | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This social security appeal is before the Court for consideration of objections by Plaintiff, Delaina Malcolm, [Doc. 21] to the report and recommendation filed by United States Magistrate C. Clifford Shirley, Jr. [Doc. 20]. Magistrate Judge Shirley found that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence in the record as a whole and recommended that Plaintiff's motion for summary judgment [Doc. 16] be denied and that Defendant Commissioner's motion for summary judgment [Doc. 18] be granted.

This Court considers only specific objections to the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). The "substantial evidence" standard of judicial review requires that the ALJ's ("Administrate Law Judge") decision be accepted if a reasonable mind might accept the evidence in the record as adequate to support the ALJ's conclusions. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir.

1989) (citations omitted). If, under the substantial evidence standard, the ALJ's decision must be accepted, the standard prohibits this Court from inquiring whether the record could support a decision in the plaintiff's favor. *Id.*

This Court, sitting to review the administrative decision on appeal, cannot try the case *de novo*, resolve conflicts in the evidence, or reverse the ALJ's decision on the ground that the Court might have reached a different conclusion. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). As required by 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), this Court has now undertaken a *de novo* review of those portions of the report and recommendation to which plaintiff objects. In considering the plaintiff's objections to the magistrate judge's ruling, the Court has independently reviewed the entire record, including the report and recommendation, the administrative record, and all related filings. For the reasons that follow, plaintiff's objections will be overruled.

Plaintiff first objects that the ALJ's findings as to the severity of the Plaintiff's mental impairments were not based on substantial evidence. Plaintiff contends that the ALJ rejected "every medical opinion of record and substituted his own opinion" in making this determination [Doc. 21 at 1]. Plaintiff points to treating record as establishing that she suffered from mental impairments which have a medical basis and would have more than a minimal effect on her ability to work.

After reviewing the record, this Court finds that there is substantial evidence to support the ALJ's determination that the Plaintiff did not have a severe mental impairment. As thoroughly discussed by Magistrate Judge Shirley, Plaintiff repeatedly denied suffering

from mental illness throughout the disability benefits application process [Tr. 47, 55-56, 66, 116-17, 352]. Plaintiff claimed emotional issues only upon requesting review of the ALJ's hearing decision on March 11, 2005 [Tr. 16]. The ALJ's conclusion is further supported by medical records regarding the Plaintiff's mental health. The record shows that Plaintiff received limited treatment for mental health. Aside from prescribing anti-depressant medications, no doctors referred the Plaintiff for any further mental health treatment [Tr. 128, 157-63, 178, 289, 313, 314, 320]. In making the severity determination, the ALJ considered and afforded proper weight to the various medical sources presented. The ALJ's conclusion is reasonable based on Plaintiff's medical records and Plaintiff's own representations.

In making her objection as to the findings regarding the severity of her mental impairments, Plaintiff also contends that Magistrate Judge Shirley failed to address the issue that the Plaintiff's counseling records from Jody A. Fletcher ("Ms. Fletcher"), a social worker with Jefferson County's Department of Human Services, were not obtained by the ALJ even though the Plaintiff was not represented by counsel.

This argument is without merit. In his report and recommendation, Magistrate Judge Shirley directly addressed Plaintiff's concerns over Ms. Fletcher's notes. First, Magistrate Judge Shirley correctly recognized that Ms. Fletcher was not a "medical source," as defined by the regulations, and was not qualified to state whether Plaintiff had a medical impairment. 20 C.F.R. §§ 404.1513(a), 416.913(a). Second, Magistrate Judge Shirley noted Ms. Fletcher explicitly stated that she did not have medical records regarding the Plaintiff's case [Tr. 270]. The regulations provide that it is not necessary to "seek additional evidence or clarification

from a medical source when we know from past experience that the source either cannot or will not provide the necessary findings." 20 C.F.R. § 404.1512(e)(2). Even though Ms. Fletcher was not a medical source, in light of these regulations, it was proper for Magistrate Judge Shirley to find the Plaintiff's argument as moot because "any effort to procure further documentation would have been fruitless" [Doc. 20 at 10 n.4]. Because Magistrate Judge Shirley properly addressed the issue regarding Ms. Fletcher's notes, this Court finds that this objection is without merit and will be overruled.

Plaintiff's second objection is that substantial evidence did not support the ALJ's residual functional capacity ("RFC") findings. Specifically, Plaintiff argues that the ALJ failed to offer any reasoning for rejecting the reviewing state agency physician's notations that Plaintiff had postural limitations climbing ladders, ropes, and scaffolds as well as environmental limitations involving exposure to hazards [Tr. 264, 266]. Plaintiff also argues that Magistrate Judge Shirley failed to address this issue.

Plaintiff argues that the ALJ erred in rejecting the postural and environmental limitations indicated by the state reviewing physician [Tr. 264, 266]. In making this argument, Plaintiff relies on *Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987). In *Shelman*, the 6th Circuit found an ALJ applied "an erroneous legal standard with respect to the opinions of plaintiff's treating physicians" when relying on a medical adviser's testimony regarding a claimant's need for an oxygen tank that was contrary to testimony of the claimant's treating physicians. *Id.* at 320-21. The Sixth Circuit found it necessary for the ALJ to "set forth some basis for rejecting these opinions." *Id.* at 321.

4

The problem with Plaintiff's argument is that the ALJ did not reject the state agency physician's opinion at all. While *Shelman* involved directly contradicting medical opinions, the present case involves a question of whether certain limitations were properly considered by the ALJ. Upon reviewing the ALJ's evaluation, the ALJ did include those particular limitations in his RFC assessment. The ALJ recognized that there were physical exertion limitations on the Plaintiff in stating that "[t]he claimant would be unable to perform her past relevant work as a psychiatric tech because it requires physical exertion beyond her present residual functional capacity" [Tr. 26-27]. Nevertheless, "[t]he claimant's past relevant work as a traffic clerk and courtesy clerk did not require the performance of work-related activities precluded by her residual functional capacity" [Tr. 27]. Because the ALJ considered and accepted the Plaintiff's physical limitations in making the RFC assessment, the Plaintiff's argument cannot prevail.

Finally, Plaintiff argues that the ALJ's determination was flawed by the failure to include Plaintiff's mental limitations in the RFC assessment. This argument is unsupported by the plain language of the ALJ's evaluation. The ALJ "considered the claimant's subjective allegations" and found "that the claimant's acute symptoms and problems improved with appropriate treatment" [Tr. 26]. Furthermore, as correctly recognized by Magistrate Judge Shirley, "Plaintiff's argument that mental impairments were not adequately assessed in conjunction with her RFC fails because the ALJ thoroughly discussed his findings regarding her alleged mental impairments and made his decisions accordingly" [Doc. 20 at 17].

5

Finding no error in the report and recommendation, the Court will overrule Plaintiff's objections; accept the report and recommendation in whole; deny Plaintiff's motion for summary judgment; grant Defendant's motion for summary judgment; affirm the Defendant Commissioner's decision in this case denying Plaintiff's application for disability insurance benefits and supplemental security income; and dismiss this case. An order reflecting this opinion will be entered.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE